UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-21543-CIV-GOODMAN
[CONSENT CASE]

ROBERT MICHAELSON of ADVISORY
TRUST GROUP, LLC, in his capacity as
Debtor Representative and Liquidating
Trustee,

    Plaintiff,

vs.

PETER BARONOFF, KEITH REUBEN,
BRIAN DUNN, DAVID ARMSTRONG,
JAMES HOPWOOD, RICHARD GOLD,
BRYAN DAY, STAN GRABISH, RICHARD
COHEN, STEVEN HELLAND, MALINDA
BARONOFF, SHANNA BARONOFF, and
JOHN DOES 1-100,

    Defendants.
_____/

**STIPULATION AND ORDER REGARDING PRODUCTION
OF DOCUMENTS BY NON-PARTIES**[1]

The parties have filed a joint notice requesting that the Court enter this Stipulation

and Order Regarding Production of Documents by Non-Parties (the "Stipulation")

---

[1] The Undersigned substantively modified the proposed stipulation and order regarding production of documents by non-parties in numbered paragraphs 6, 7, 11, and 13. I also made minor edits to correct syntax and grammar issues.

establishing a protocol for the production of documents from certain non-parties in this matter. [ECF No. 147]. On March 17, 2022, the Court held a hearing to resolve a limited dispute concerning whether this Stipulation should apply to four specific entities.

This Stipulation is made as of March 17, 2022, by and among Plaintiff Robert Michaelson of Advisory Trust Group, LLC, in his capacity as Debtor Representative and Liquidating Trustee ("Plaintiff") of the estates of Promise Healthcare Group, LLC and its debtor affiliates (the "Debtors") and Defendants Peter Baronoff, Keith Reuben, Brian Dunn, David Armstrong, James Hopwood, Richard Gold, Bryan Day, Stan Grabish, Richard Cohen, Steven Helland, Malinda Baronoff, and Shanna Baronoff (collectively "Defendants," and together with Plaintiff, the "Parties");

**WHEREAS**, on November 5, 2018, each of the Debtors filed a petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing the chapter 11 cases captioned *In re Promise Healthcare Group, LLC et al.*, Case No. 18-12491;

**WHEREAS**, on September 17, 2020, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming the *Second Amended Joint Plan of Liquidation* (as modified, the "Plan");

**WHEREAS**, Plaintiff Robert Michaelson of Advisory Trust Group, LLC was appointed the Debtor Representative and Liquidating Trustee pursuant to the Plan and Confirmation Order;

2

**WHEREAS**, the Plan became effective on October 1, 2020 (the "Effective Date");

**WHEREAS**, all privileges held by the Debtors and their estates (including the attorney-client, work product and other privileges) are currently vested in the Liquidating Trustee and the Debtor Representative, as applicable, and have been expressly reserved.

**WHEREAS**, Plaintiff expressly reserves all of his rights and privileges pursuant to Fla. Stat. § 90.502(2), Fla. Stat. § 90.5055(2), Fla. Stat. § 473.316(2) and Rule 1.280(b)(4) of the Florida Rules of Civil Procedure.

**WHEREAS**, on October 28, 2020, as amended on April 16, 2021, Plaintiff filed a Complaint (the "Amended Complaint") against Defendants;

**WHEREAS**, on or about January 18, 2022, January 28, 2022, February 2, 2022 and February 9, 2022, Defendant Peter Baronoff issued subpoenas on twenty-one (21) non-parties requesting the production of documents;

**WHEREAS**, the Parties have identified certain non-parties who have been subpoenaed by Defendant Peter Baronoff (collectively the "Identified Non-Parties" and individually a "Identified Non-Party") that may have certain Documents in their possession, custody or control which may be subject to the Plaintiff's Privileges. The Identified Non-Parties are listed in Exhibit A to this Stipulation;

**WHEREAS**, the Parties anticipate that Defendants may serve additional non-party subpoenas upon entities/persons who may have documents which may be subject to

3

Plaintiff's privileges;

**WHEREAS**, nothing herein shall limit or waive any privileges or protections afforded to any Party under applicable state, federal or common law and all such privileges of any Party, including those referenced above (collectively, the "Privileges"), are expressly reserved, including with respect to any emails, communications, correspondence and all other documents (collectively, the "Documents") in the possession, custody or control of any Party or Identified Non-Party;

**WHEREAS**, notwithstanding any Identified Non-Party's review of Documents and withholding of any Documents subject to Plaintiff's Privileges, the Parties agree that Plaintiff may assert the Privileges through an independent review of any Documents each Identified Non-Party would otherwise produce to Defendant(s) in connection with the subpoenas which have been issued or any additional subpoena which may be issued to any Identified Non-Party in the course of this lawsuit; and

**WHEREAS**, to protect Plaintiff's actual or potential Privileges while facilitating the production and turnover of documents requested by Defendants from the Identified Non-Parties, the Parties desire through this Stipulation to establish a production protocol with respect to Document production from the Identified Non-Parties.

**WHEREAS**, in the event that any Defendant issues one or more additional subpoenas to other non-parties in the course of this lawsuit, the Parties agree to confer in

good faith regarding whether the production protocol established by this Stipulation should be extended to apply to those non-parties;

**NOW, THEREFORE**, it is stipulated and agreed by and between the Parties as follows:

1. Unless specifically set forth herein, this Stipulation shall be subject in all respects to the *Confidentiality Agreement and Protective Order* entered by the Court in this action.

2. This Stipulation shall govern any subpoenas issued to the Identified Non-Parties and all persons/entities who the Parties mutually agree to designate as Identified Non-Parties in the future, and all Documents produced by any Identified Non-Party during this action.

3. Any Identified Non-Party in receipt of a subpoena from any Defendant shall initially produce Responsive Documents (defined below) directly to Plaintiff. For the avoidance of doubt, the Identified Non-Parties shall not produce any Documents directly to Defendants.

4. Nothing in this Stipulation shall limit or waive (i) any Document review to be conducted by an Identified Non-Party in connection with any subpoena for, among other things, responsiveness and confidentiality prior to producing any such Documents (the "Responsive Documents") to Plaintiff pursuant to the terms herein, and (ii) any obligation of an Identified Non-Party to withhold or redact Responsive Documents

5

subject to any Privilege and produce a privilege log in connection with any withheld and redacted Responsive Documents (a "Served Party Privilege Log"). Any Served Party Privilege Log shall be provided to Defendants in accordance with any applicable rules or agreement between the Identified Non-Party and Defendant, with a copy to be provided simultaneously to Plaintiff.

5. Plaintiff shall promptly inform Defendants in writing upon receipt of the completed production of Responsive Documents from an Identified Non-Party (the "Plaintiff Receipt Date") in connection with each subpoena.

6. Unless otherwise specified in this paragraph or by Court Order, Plaintiff shall produce to Defendants any and all Responsive Documents received from an Identified Non-Party not subject to any Privileges on a rolling basis as reasonably promptly as possible, but in any event beginning within fourteen (14) days of Plaintiff's Receipt Date. The final production to Defendants of Responsive Documents received from an Identified Non-Party (other than the four entities identified below) not subject to any Privileges shall be completed within twenty-one (21) business days of Plaintiff's Receipt Date unless otherwise extended by agreement of the Parties. With respect to only the following four entities listed on Exhibit A (15. Centric Consulting, LLC; 16. Crowe LLP; 17. Healthnet Systems Consulting Inc. and 18. Marcum LP), Plaintiff shall produce to Defendants any and all Responsive Documents received from these specific four entities not subject to any Privileges on a rolling basis as reasonably promptly as possible,

but in any event beginning within seven (7) days of Plaintiff's Receipt Date and the final production to Defendants of Responsive Documents not subject to any Privileges shall be completed within fourteen (14) business days of the Plaintiff Receipt Date unless otherwise extended by agreement of the Parties. Within seven (7) days from Plaintiff's final production to Defendants of such non-privileged Responsive Documents (whether received from the four entities or other Identified Non-Party), Plaintiff shall provide a privilege log to Defendants covering any Responsive Documents withheld by Plaintiff or redacted on the basis of any asserted Privileges.

7. Defendants may challenge Plaintiff's assertion of Privilege over the Responsive Documents in any manner provided for under the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Southern District of Florida and applicable law. Any relief sought from the Court must be made in accordance with the Court's Discovery Procedures Order.

8. Nothing herein shall be construed as constituting a waiver, release or relinquishment of any rights, defenses or objections of any Parties, including any rights to assert that any Document is or is not admissible as evidence at trial.

9. The Parties are authorized and directed to serve notice of this Stipulation on any Identified Non-Party in connection with the subpoenas that have been issued and any additional subpoenas which may be served on an Identified Non-Party.

10. In the event that any of the Defendants issue one or more additional subpoenas to other non-parties in the course of this lawsuit, the Parties shall confer within ten (10) days of the issuance of any such subpoenas in a good faith effort to agree upon whether the subpoenaed entities should be designated as additional Identified Non-Parties;

11. This Stipulation may not be modified other than by a written agreement executed by the Parties or by Order of the Court.

12. This Stipulation may be signed in counterpart originals as if signed in one original document.

13. The Court shall retain jurisdiction with respect to all matters arising under or related to this Stipulation, including, without limitation, any disputes that may arise between or among the Parties to the Stipulation, and to interpret, implement, and enforce the provisions of this Stipulation. Any disputes requiring Court intervention must be raised in accordance with the Court's Discovery Procedures Order.

DONE and ORDERED in Chambers, in Miami, Florida, on March 17, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

SILLS CUMMIS & GROSS P.C.
*Attorneys for Plaintiff*

By: /s/ *David B. Newman*
    David B. Newman
    101 Park Avenue,
    28th Floor
    New York, New York 10178

BERGER SINGERMAN LLP
*Attorneys for Plaintiff*

By: /s/ *Paul S. Singerman*
    Paul S. Singerman
    1450 Brickell Avenue
    Suite 1900
    Miami, Florida 33131

TEIN MALONE PLLC
*Attorneys for Defendant Keith Reuben*

By: /s/ *Michael R. Tein*
    Michael R. Tein
    3059 Grand Avenue
    Suite 340
    Coconut Grove, FL 33133

KAPLAN ZEENA LLP
*Attorneys for Defendants Brian Dunn,*
*David Armstrong, Richard Gold,*
*Bryan Day and Richard Cohen*


By:     /s/ *James M. Kaplan*
    James M. Kaplan
    2 South Biscayne Boulevard
    Suite 3050
    Miami, Florida 33131


BRODSKY FOTIU-WOJTOWICZ, PLLC
*Attorneys for Defendants Peter*
*Baronoff, Shanna Baronoff and*
*Malinda Baronoff*


By:     /s/ *Benjamin H. Brodsky*
    Benjamin H. Brodsky
    200 SE 1st Street
    Suite 400
    Miami, Florida 33131


PARKER, HUDSON, RAINER & DOBBS, LLP
*Attorneys for Defendants Stanley*
*Grabish and Steven Helland*


By:     /s/ *Bryan E. Bates*
    Bryan E. Bates
    303 Peachtree Street NE
    Suite 3600
    Atlanta, GA 30308

BURR AND FORMAN LLP
*Attorneys for Defendant James Hopwood*


By:   <u>*/s/ Richard Robinson*</u>
    Richard Robinson
    Las Olas Centre II
    350 East Las Olas Blvd
    Suite 1440
    Ft. Lauderdale, FL 33301

## **EXHIBIT A**

1. Credit Value Partners, LLC
2. Don Pollard
3. Edmund Woodbury
4. Evan Bernstein
5. Evatt Tamine
6. FTI Consulting
7. James Brown
8. Jay Shiland
9. MTS Health Partners LP
10. Waller Lansden Dortch & Davis LLP
11. Keith Kennedy
12. Nelson Mullins Riley & Scarborough LLP
13. Trevor Klein
14. Michael Keller
15. Centric Consulting, LLC
16. Crowe LLP
17. Healthnet Systems Consulting Inc.
18. Marcum LP