UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-21543-CIV-GOODMAN
[CONSENT CASE]

ROBERT MICHAELSON OF ADVISORY
TRUST GROUP, LLC, in his capacity as
Debtor Representative and Liquidating Trustee,

    Plaintiff,

v.

PETER BARONOFF, et al.,

    Defendants.
_____/

### AMENDED ORDER SPECIALLY SETTING CIVIL JURY TRIAL[1] AND PRETRIAL SCHEDULE AND REQUIRING MEDIATION

Trial is scheduled to commence on **Monday, February 3, 2025** at **9:30 AM** before Jonathan Goodman, United States Magistrate Judge, James Lawrence King Justice Building, 99 NE 4th Street, 11th Floor, Miami, Florida. **The Court has reserved 3 weeks for this trial.**

**IT IS ORDERED AND ADJUDGED** as follows:[2]

---

[1] The parties have stipulated that some claims will not be tried by jury. [ECF Nos. 191; 162].

[2] If any of the deadlines are problematic, then the parties may, by Thursday, June 15, 2023, file a motion to modify, after consulting with opposing counsel.

1. The pretrial conference is set for **Monday, January 27, 2025** at **10:00 AM.** Each party shall be represented at the pretrial conference and at the meeting required by Local Rule 16.1(d) by the attorney who will conduct the trial, except for good cause shown. Local Rule 16.1(c).

2. Counsel must meet at least 15 days before the pretrial conference date to confer on the preparation of a pretrial stipulation.

3. The original and one copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below in the timetable. The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, **not to exceed one short paragraph per claim**, to be read as an introduction for voir dire examination. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances. Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.

4. Proposed jury instructions and verdict form must be submitted at least ONE WEEK prior to the trial date. The parties shall submit a SINGLE JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the

parties do agree on a proposed instruction or question, that instruction or question shall be set forth in Palatino Linotype 14 point typeface. Instructions and questions proposed only by Plaintiff to which Defendant(s) objects shall be *italicized*. Instructions and questions proposed only by Defendant(s) to which Plaintiff objects shall be **bold-faced**. Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction shall also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit Court of Appeals, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form shall be delivered to chambers at the time of filing, together with a flash drive containing the draft saved in Microsoft Word format.

5. All exhibits must be pre-marked. Plaintiff's exhibits shall be marked with the letter **"P"** as a prefix and Defendant's exhibits shall be marked with the letter **"D"** as a prefix. A typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. The parties shall submit the exhibit list on Form AO 187, which is available from the Clerk's office.

6. A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least 20 days prior to the date on which the trial

is scheduled to commence. Any party moving for a continuance of the trial date **must include a signed acknowledgement from the client**, confirming the client's awareness of, and agreement to, the requested trial continuance. This acknowledgement may be in fax or email form and may either be on the signature page of the motion or on a separate acknowledgement form, as an attachment to the motion. If the movant is a corporation, then the person signing the acknowledgement must be an authorized representative who is familiar with the litigation. In addition, if the motion is agreed to, unopposed, or a joint motion, then this same written acknowledgement is required for all parties. The Court will be flexible about the format and the precise language used, as long as the acknowledgment unequivocally reflects that the client agrees to the requested trial continuance. If multiple parties are involved, then signed acknowledgements from all parties are required. A continuance of the trial date will be granted only on a showing of compelling circumstances.

7. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of this cause.

8. The following timetable shall govern the pretrial procedures in this case. This schedule shall not be modified absent compelling circumstances. **All motions for an enlargement of time for discovery and relating to dispositive motions must include a**

**statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

### Due Dates

| | |
|---|---|
| July 10, 2023 | Deadline for Plaintiff to file his Second Amended Complaint |
| August 10, 2023 | Deadline for Defendants to respond to the Second Amended Complaint |
| August 10, 2023 | Depositions may resume |
| December 21, 2023[3] | **All fact discovery must be completed (except for the depositions of persons or entities covered by the March 1, 2024 deadline)**. Per Local Rule 26.1(f), written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order. |
| | Counsel may, by agreement, conduct discovery after the expiration of the discovery deadline, but should not rely on the Court to resolve any discovery disputes arising after the discovery cutoff date. In addition, |

---

[3]     The extension of the deadline for fact discovery shall not affect the obligation of any non-party which has been already served with a subpoena to produce documents pursuant to that subpoena. Notwithstanding the foregoing, to the extent any non-party served with a subpoena is required to produce documents directly to Plaintiff for privilege review prior to disclosure to Defendants, in accordance with this Court's Stipulation and Order Regarding Production of Documents by Non-Parties dated March 17, 2022, the review period shall commence on July 11, 2023 or upon Plaintiff's receipt of the production from the non-party, whichever comes later.

|  |  |
|---|---|
|  | counsel should not seek to extend any deadline, including summary judgment-related deadlines, based on post-deadline discovery pursuant to this provision. |
| <u>Note:</u> | In the event that there are any unresolved discovery motions pending 15 days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| January 22, 2024 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all non-expert witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify as lay witnesses at trial. |
| January 22, 2024 | Plaintiff shall furnish Defendants with a written list containing the names and addresses of any expert witnesses intended to be called at trial. |
| February 21, 2024 | Plaintiff shall furnish Defendants with a written report from each expert intended to be called at trial. |
| March 1, 2024 | Deadline to take additional depositions warranted by the pleadings, including any *Fabre* defendants and other persons or entities, as warranted by the last round of pleadings. |
| March 13, 2024 | Defendants shall furnish Plaintiff with a written list containing the names and addresses of any rebuttal expert witnesses intended to be called at trial. |
| April 5, 2024 | Defendants shall furnish Plaintiff with written rebuttal reports. |
| April 19, 2024 | Plaintiff shall furnish Defendants with written reply report(s) to any new opinions. |
| May 20, 2024 | **All expert discovery (including expert depositions) must be completed.** |

| | |
|---|---|
| Note: | Only those expert witnesses whose identities and reports have been timely disclosed according to the deadlines established in this Order shall be permitted to testify at trial or have affidavits submitted in connection with motion practice. |
| June 19, 2024 | All summary judgment, dispositive and *Daubert* motions must be filed. |
| July 22, 2024 | All responses to summary judgment, *Daubert*, and other dispositive motions must be filed.[4] |
| August 21, 2024 | All replies to summary judgment, *Daubert,* and other dispositive motions must be filed. <u>If the moving party does not intend to file a reply, then they shall promptly notify chambers when the response is filed.</u> |
| October 23, 2024 | All motions in limine and other pretrial motions must be filed. Each party may file only **one** motion in limine. That motion may include several issues, but only one motion is permitted absent further court order. That means the motion (with incorporated memorandum of law) may not exceed 20 pages, absent leave of Court, regardless of how many topics are raised in the in limine motion.[5] |

---

[4]    The response and reply deadlines for summary judgment motions in the timetable assume that a party files a motion for summary judgment on the dispositive motion deadline. However, the parties are encouraged to file dispositive motions earlier and, in the event that a party files a motion for summary judgment or other dispositive motion before the timetable deadline, then the response shall be filed 30 days after the motion and any optional reply shall be filed 30 days after the response.

[5]    Counsel must comply with Local Rule 7.1 and confer with opposing counsel before filing in limine motions. There is no need to file a motion in limine on a topic on which the opposing party agrees, such as a motion in limine to prohibit Plaintiff's counsel from mentioning the wealth of the defendant, a motion in limine to prohibit a "send-a-message" closing argument in a case not involving punitive damages, or a motion in limine to prohibit defense counsel from suggesting that insurance premiums might

| | |
|---|---|
| October 23, 2024 | Any party wishing to use a deposition as substantive evidence must so designate by line and page reference those portions in writing and the designations must be served on opposing counsel. |
| November 4, 2024 | All responses in opposition to motions in limine must be filed. **No replies will be permitted absent specific court order.** |
| November 4, 2024 | The adverse party on whom depositions have been served to use as substantive evidence must file any objections to the designations, including "any other part which ought in fairness to be considered with the part introduced." Fed. R. Civ. P. 32(a)(4). |
| January 13, 2025 | Joint Pretrial Stipulation must be filed. Failure to file a Joint Pretrial Stipulation on or before this day shall be grounds for dismissal. |
| January 20, 2025 | Proposed jury instructions and verdict form must be filed. Failure to timely file jury instructions and verdict forms as directed above shall be grounds for sanctions, including dismissal. |

9. If the case is settled, then counsel are directed to inform the Court promptly at (305) 523-5720 and to file a notice of settlement within two days of calling chambers on CM/ECF. A stipulation for dismissal signed by all parties together with an appropriate

---

increase in the state if a large damages verdict were to be returned in plaintiff's favor. These illustrative motions all involve issues on which most lawyers would agree most of the time. Thus, in the absence of an attorney taking an atypical position that the usually-prohibited topics are for some reason permitted in this specific case, a Local Rule 7.1 conferral will establish that a motion in limine to prohibit what no one is seeking to do is unnecessary.

Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1) must be filed on CM/ECF within 15 days of filing the notice of settlement.

10. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26. The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11. **Mediation Requirement**. No later than 30 days before the mediation date, the parties shall select a mediator certified under Local Rule 16.2(b) and shall jointly file a proposed order scheduling mediation listing the time, date, and place for mediation. If the parties cannot agree on a mediator, then they shall notify the clerk in writing as soon as possible and the clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. The parties shall complete mediation by April 26, 2024, or at any earlier time on consent of the parties.

   a. All discussions made at the mediation conference shall be confidential and privileged.

  b. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(7), or as agreed to in writing by the parties and the mediator. The parties shall equally share the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within 30 days of the date of the bill. The parties shall notify the mediator of cancellation two full business days in advance. Failure to do so will result in the imposition of a one hour fee.

  c. **Within five days** following mediation, the mediator shall file a Mediation Report indicating whether the parties were present and/or recommending sanctions for non-attendance. The Report shall also state whether the case settled (in full or in part), whether mediation was continued with the parties' consent, or whether the mediator declared an impasse.

  d. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

12. The parties shall follow the attached discovery procedures.

13. A Notice of Scheduling Conflict shall include a statement detailing the dates and the cases that were scheduled for trial. Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set has priority over the service of the attorney for the date set. *See Krasnow v. Navarro*, 909 F.2d 451 (11th Cir. 1990).

It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule, then it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel conflict free for this case.

14.     **Under-seal filings and the public access presumption**

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (internal quotation omitted). "Material filed in connection with any substantive pretrial motion . . . is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

Substantive pretrial motions require a showing of good cause to overcome the presumption of public access. *See id.*; *Schojan v. Papa Johns Int'l, Inc.*, No. 8:14-cv-1218-T-33MAP, 2014 WL 4674340, at *12 (M.D. Fla. Sept. 18, 2014) (denying motion to seal motion for class certification despite the plaintiff's assertions the motions and exhibits were subject to a confidentiality agreement). Likewise, any exhibits filed for consideration with a substantive motion are presumptively public. *See AbbVie*, 713 F.3d at 63 (finding that if a complaint is a judicial record, then it follows that the attached exhibits must also be treated as judicial records).

The Court understands that some substantive motions and exhibits may sometimes contain confidential information that is inappropriate for public disclosure. But such information is not a reason to seal the motion or exhibits entirely, while submitting to the Court only the un-redacted versions. **Thus, parties shall file their substantive motions and supporting exhibits on the public docket, redacting confidential information as identified by both parties and non-parties. No completely sealed filings are permitted.** The parties are advised the Court will not enter an order on a substantive motion filed completely under seal. Any party submitting a motion or memorandum of law on a substantive matter involving confidential information worthy of under-seal status shall file two versions of the submission: a redacted one (filed on the public docket) and a sealed version (accompanied by a motion to seal, also filed on CM/ECF).

Parties should be cautious and conservative about designating material as deserving of under-seal treatment in their redacted submissions, and the Undersigned may unseal some or all of the redacted portions if I determine that under-seal status is inappropriate. The mere fact that a party prefers that certain information not be publicly disclosed in connection with a substantive motion (e.g., it could be embarrassing or might portray the party in an unflattering way) does not mean that under-seal status is justified. Instead, there must be good cause, such as the existence of a bona fide trade secret or genuinely proprietary business information.

15. In addition to the Local Rules, any submission by any party must be <u>double-spaced</u>, and for every 5 pages provided for in the Local Rules the parties shall have an additional page (e.g., a 10-page motion may be 12 pages, a 20-page motion may be 24 pages).

**DONE and ORDERED** in Chambers, in Miami, Florida, on May 26, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record