UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-21543-CIV-GOODMAN

[CONSENT CASE]

ROBERT MICHAELSON OF ADVISORY
TRUST GROUP, LLC, in his capacity as
Debtor Representative and Liquidating Trustee,

    Plaintiff,

v.

PETER BARONOFF, et al.,

    Defendants.
_____/

## POST-HEARING ADMINISTRATIVE ORDER

On January 19, 2024, the Undersigned held a telephonic hearing, at the request of Defendant David Armstrong's counsel, to address ongoing issues during Mr. Armstrong's video deposition. At the hearing, the Undersigned **ordered** as follows:

The parties will continue with Mr. Armstrong's deposition until they use the full amount of time allotted (if necessary). The time spent arranging or attending the telephonic hearing will not count towards the allotted time.

The parties are all represented by experienced attorneys who know the rules governing depositions. It is the Court's understanding that the witness is also a lawyer who should therefore be familiar with the obligations of being a deposition witness. The

parties do not need the Court to tell them that witnesses must be forthright and responsive. No one needs to be reminded that a witness should not be intentionally evasive. The Court trusts that for the remainder of the deposition the witness will be as responsive as possible, and the lawyers will act professionally.

The parties will request an expedited copy of the deposition video and transcript. Upon receipt of those items, they will submit a copy of **both** the video and the transcript from the start of the deposition until the time the parties broke to attend this hearing to my CM/ECF e-file inbox (goodman@flsd.uscourts.gov). Additionally, because CM/ECF does not support the filing of videos, the parties will file a notice attaching only the transcript excerpt.

The Court will review the submissions and determine whether the witness was being intentionally evasive (or whether counsel taking the deposition was not allowing the witness to answer the questions). The Court will then enter an appropriate ruling and, depending on the circumstances, may re-open the deposition to allow additional time to ask questions or enter a fee-shifting award against the witness and/or one or more attorneys.

If it turns out that, during the post-hearing portion of the deposition, the witness is being evasive or the lawyer(s) are not acting professionally, then either party may submit additional, post-hearing portions of the video and transcript (using the same protocol outlined above) for the Court's consideration.

Finally, the parties will file either later today or by **Monday, January 22, 2024**, the name and contact information of the court reporter.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on January 19, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record