UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-21543-CIV-MORENO

ROBERT MICHAELSON OF ADVISORY
TRUST GROUP, LLC, in his capacity as
Debtor Representative and Liquidating Trustee,

    Plaintiff,

v.

PETER BARONOFF, KEITH REUBEN,
BRIAN DUNN, DAVID ARMSTRONG,
JAMES HOPWOOD, RICHARD GOLD,
BRYAN DAY, STAN GRABISH, RICHARD
COHEN, STEVEN HELLAND, MALINDA
BARONOFF, SHANNA BARONOFF, and
JOHN DOES 1-100,

    Defendants.
_____/

**PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Robert Michaelson of Advisory Trust Group, LLC, in his capacity as Debtor Representative and Liquidating Trustee ("Plaintiff"), provides these amended and supplemental disclosures. These disclosures are based upon information presently available to Plaintiff and Plaintiff reserves the right to revise, amend, and supplement these disclosures based upon further investigation and discovery. Plaintiff makes the following disclosures without waiving his right to object on any grounds, including, but not limited, to any objections as to any statutory or common law privilege, the attorney-client and work product privileges, or any objection as to relevance, materiality or admissibility of information provided herein in this action or in any other action.

1

**A.     THE NAME ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS (FED. R. CIV. P. 26(A)(1)(A)(I))**

The following individuals have, or are likely to have, discoverable information that Plaintiff may use to support his claims against Defendants in this action:

**1.**     Peter Baronoff
c/o Benjamin J. Brodsky, Esq.
Brodsky Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131

Mr. Baronoff is a Defendant in the case, a former board member of Promise Healthcare, Inc. ("PHI"), Success Healthcare, LLC ("Success"), and Promise Healthcare Group, LLC ("PHG"), a former officer of PHI and Success, a former shareholder of PHI, and a recipient of certain fraudulent and/or preferential transfers. Mr. Baronoff may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.[1]

**2.**     Keith Reuben
c/o Michael R. Tein, Esq.
Tien Malone PLLC
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133

Mr. Reuben is a Defendant in the case, a former board member of PHI, Success, and PHG, a 50% owner of Specialty Finance during his tenure as a board member of PHI and Success, and a recipient of certain fraudulent and/or preferential transfers. Mr. Reuben may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, and unlawful distributions.

**3.**     Brian Dunn
c/o James M. Kaplan, Esq.
Kaplan Zeena LLP
2 South Biscayne Boulevard, Suite 3050
Miami, Florida 33131

Mr. Dunn is a Defendant in the case, a former board member of Success, and a former officer of Success and PHI. Mr. Dunn may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

---

[1] Capitalized terms are as defined in the Second Amended Complaint.

  **4.**  Richard Cohen
     c/o James M. Kaplan, Esq.
     Kaplan Zeena LLP
     2 South Biscayne Boulevard, Suite 3050
     Miami, Florida 33131

  Mr. Cohen is a Defendant in the case and a former officer of PHI and Success.  Mr. Cohen may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **5.**  David Armstrong
     c/o James M. Kaplan, Esq.
     Kaplan Zeena LLP
     2 South Biscayne Boulevard, Suite 3050
     Miami, Florida 33131

  Mr. Armstrong is a Defendant in the case and a former officer of PHI and Success.  Mr. Armstrong may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **6.**  Richard Gold
     c/o James M. Kaplan, Esq.
     Kaplan Zeena LLP
     2 South Biscayne Boulevard, Suite 3050
     Miami, Florida 33131

  Mr. Gold is a Defendant in the case and a former officer of PHI and Success.  Mr. Gold may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **7.**  Brian Day
     c/o James M. Kaplan, Esq.
     Kaplan Zeena LLP
     2 South Biscayne Boulevard, Suite 3050
     Miami, Florida 33131

  Mr. Day is a Defendant in the case and a former officer of PHI and Success.  Mr. Day may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

    **8.**      James Hopwood
             c/o Richard Robinson, Esq.
             Burr and Forman LLP
             Las Olas Centre II
             350 East Las Olas Boulevard, Suite 1440
             Fort Lauderdale, Florida 33301

        Mr. Hopwood is a Defendant in the case and a former officer of PHI and Success. Mr. Hopwood may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

    **9.**      Shanna Baronoff
             c/o Benjamin J. Brodsky, Esq.
             Brodsky Fotiu-Wojtowicz, PLLC
             200 SE 1st Street, Suite 400
             Miami, Florida 33131

        Ms. Baronoff is a Defendant in the case and may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Ms. Baronoff's receipt of fraudulent and/or preferential transfers.

    **10.**     Malinda Baronoff
             c/o Benjamin J. Brodsky, Esq.
             Brodsky Fotiu-Wojtowicz, PLLC
             200 SE 1st Street, Suite 400
             Miami, Florida 33131

        Ms. Baronoff is a Defendant in the case and may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Ms. Baronoff's receipt of fraudulent and/or preferential transfers.

    **11.**     Stanley Grabish
             c/o Bryan E. Bates, Esq.
             215 South Monroe Street, Suite 750
             Tallahassee, Florida 32301

        Mr. Grabish is a Defendant in the case and a former officer of PHI and Success. Mr. Grabish may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

4

**12.**   Steven Helland
c/o Bryan E. Bates, Esq.
215 South Monroe Street, Suite 750
Tallahassee, Florida 32301

Mr. Helland is a Defendant in the case and a former officer of PHI and Success. Mr. Helland may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**13.**   Credit Value Partners, LLC
49 West Putnam Avenue
Greenwich, Connecticut 06830

Credit Value Partners, LLC ("CVP") is a former member of and lender to certain of the Companies and now on the post-effective date oversight committee. CVP may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**14.**   Keith Kennedy
307 Dartmouth Drive
Lake Worth Beach, Florida 32379

At all relevant times in the Amended Complaint, Mr. Kennedy was a board member of PHG, and was subsequently a board member of PHI and Success. Mr. Kennedy may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**15.**   James Brown
2930 Domingo Ave, #125
Berkeley, California 94705

At all relevant times in the Amended Complaint, Mr. Brown was a board member of PHG, and was subsequently a board member of PHI and Success. Mr. Brown may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**16.**   Edmond Woodbury
1169 Cherry St.
Winnetka, Illinois 60093

Mr. Woodbury is a former board member of PHG. Mr. Woodbury may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

17. Evatt Tamine
    2149 Jasper Way
    The Villages, Florida 32162

Mr. Tamine is a former board member of PHG. Mr. Tamine may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

18. Michael Keller
    100 Vaughn Road
    Nashville, Tennessee 37221

Mr. Keller is a former board member of PHG and is currently the authorized representative of CVP in connection with CVP's current membership on the post-effective date oversight committee. Mr. Keller may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

19. Daniel Newman
    Nelson Mullins Riley & Scarborough LLP
    2 South Biscayne Blvd., 21st Floor
    Miami, FL 33131

Mr. Newman is a former board member of PHG, PHI, and Success and was the receiver for Founding Partners Capital Management Company, Founding Partners Stable-Value Fund, L.P., Founding Partners Stable-Value Fund, II, L.P., Founding Partners Global Fund, Ltd., and Founding Partners Hybrid-Value Fund, L.P. Prior to approximately 2009, these funds provided funding to Sun Capital, Inc. and Sun Capital Healthcare, Inc. Mr. Newman may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, and unlawful distributions.

20. Ian Stokoe
    [Address Unknown]

Mr. Stokoe is a former board member of PHG. Mr. Stokoe may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**21.**   Don Pollard
25 Game Cock Road
Greenwich, Connecticut 06830

Mr. Pollard is a former board member of PHG. Mr. Pollard may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

**22.**   Centric Consulting, LLC
1215 Lyons Road, Bldg F
Dayton, Ohio 45458

Centric Consulting, LLC was engaged in or around December 2015 by certain of the Companies' boards to evaluate electronic health record ("EHR") options for the Companies, and the readiness and cost of such options, and thus may possess knowledge concerning the Companies' evaluation of EHR options.

**23.**   Crowe LLP
1395 Brickell Avenue, Suite 1150
Miami, Florida 33131

Crowe LLP served as the Companies' auditor for FYE 2014, 2015, 2016, and 2017, and may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, the allegations concerning the Companies' financial condition and the misleading reports that Defendants provided to the Companies' auditors, lenders, and boards.

**24.**   FTI Consulting
One Biscayne Tower
2 S. Biscayne Blvd., Suite 1850
Miami, Florida 33131

FTI Consulting was first engaged in August 2017 to provide interim revenue cycle management services to the Companies. In October 2017, FTI was engaged as Chief Implementation Officer, along with an advisory team, to provide turnaround and support services related to certain cost reduction initiatives. In March 2018, FTI was engaged to provide restructuring services including liquidity forecasting, analysis of restructuring alternatives, and contingency planning. In June 2018, certain of the Companies entered into an engagement letter, pursuant to which FTI agreed to provide the Companies with, among other things, chief restructuring officer services. In December 2018, the Bankruptcy Court entered an order authorizing certain of the Companies to employ FTI. FTI may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

10322385.v1

  **25.**  Jay Shiland
      250 W. 94th Street, Apr. 10G
      New York, New York 10025

  Mr. Shiland is employed by MTS Health Partners, LP ("MTS"), which was engaged by the Companies from in or about 2013 through at least March 2019 to provide financial services, including marketing efforts related to certain of the Companies' facilities. Mr. Shiland may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **26.**  MTS Health Partners, LP
      2332 Galiano Street, 2nd Floor
      Coral Gables, Florida 33134

  MTS was engaged by the Companies from in or about 2013 through at least March 2019 to provide financial services, including marketing efforts related to certain of the Companies' facilities. MTS may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **27.**  Trevor Klein
      6484 Via Benita
      Boca Raton, Florida 33433

  Mr. Klein is the former Chief Accounting Officer of the Companies through in or around April 2016. Mr. Klein may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, and unlawful distributions, and breaches of contract.

  **28.**  Waller Lansden Dorth & David LLP
      Nashville City Center
      511 Union St., Suite 2700
      Nashville, Tennessee 37219

  Waller Lansden Dorth & David LLP ("Waller") served as counsel for the Companies prior to and during the Companies' chapter 11 cases, and may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

29. John Tishler, Esq.
    Epstein Becker & Green, P.C.
    1222 Demonbreun Street, Suite 1400
    Nashville, Tennessee 37203

Mr. Tishler is an attorney formerly with Waller Lansden Dorth & David LLP, which served as counsel for the Companies prior to and during the Companies' chapter 11 cases. Mr. Tishler may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

30. Stan Graham, Esq.
    Holland & Knight LLP
    Nashville City Center
    511 Union St., Suite 2700
    Nashville, Tennessee 37219

Mr. Graham is an attorney with Holland & Knight, LLP, formerly Waller Lansden Dorth & David LLP, which served as counsel for the Companies prior to and during the Companies' chapter 11 cases. Mr. Graham may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

31. Taylor Askew, Esq.
    Holland & Knight LLP
    Nashville City Center
    511 Union St., Suite 2700
    Nashville, Tennessee 37219

Mr. Askew is an attorney with Holland & Knight, LLP, formerly Waller Lansden Dorth & David LLP, which served as counsel for the Companies prior to and during the Companies' chapter 11 cases. Mr. Askew may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

32. John Haubenreich, Esq.
    2020 Pennsylvania Avenue, NW #163
    Washington, DC 20006

Mr. Haubenreich is an attorney formerly with Waller Lansden Dorth & David LLP, which served as counsel for the Companies prior to and during the Companies' chapter 11 cases. Mr. Askew may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of

fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

    **33.**    Wells Fargo Bank, N.A.
            c/o Corporation Service Company
            1201 Hays St.
            Tallahassee, Florida 32301

Wells Fargo, N.A. ("Wells") was the Companies' lender under a $75 million revolving loan facility entered into by the Companies in or around March 2016 (the "Wells Revolver"). The Companies repaid the Wells Revolver during the pendency of the chapter 11 cases, which were filed on November 5, 2018. Wells may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract, and allegations concerning the Companies' financial condition and misleading reports that Defendants provided to the Companies' auditors, lenders, and the boards.

    **34.**    Michael Janda
            Wells Fargo Bank, N.A.
            c/o Corporation Service Company
            1201 Hays St.
            Tallahassee, Florida 32301

Mr. Janda is a former employee of Wells Fargo, N.A. ("Wells"), which was the Companies' lender under a $75 million revolving loan facility entered into by the Companies in or around March 2016 (the "Wells Revolver"). The Companies repaid the Wells Revolver during the pendency of the chapter 11 cases, which were filed on November 5, 2018. Mr. Janda may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract, and allegations concerning the Companies' financial condition and misleading reports that Defendants provided to the Companies' auditors, lenders, and the boards.

    **35.**    Suzanne Devoe (nee Sterling)
            20 Fairway Is
            Grasonville, MD 21638

Ms. Sterling served as General Counsel of the Companies from approximately December 2017 until after the Petition Date. Ms. Sterling may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

36.     Lilienne Pierre-Louis a/k/a Lilienne Petion
        73 Kingfisher Way
        Boynton Beach, FL 33436

Ms. Pierre-Louis served in the accounting department of Promise. Ms. Pierre-Louis may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

37.     Alyeda Yanes
        6634 N.W. 25th Way
        Boca Raton, FL 33496

Ms. Yates served in the accounting department of Promise Ms. Yanes may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

38.     Michael Young
        c/o FTI Consulting
        One Biscayne Tower
        2 S. Biscayne Blvd., Suite 1850
        Miami, Florida 33131

Mr. Young served as interim Chief Executive Officer and Chief Implementation Officer for the Companies in connection with FTI Consulting's engagements with the Companies. Mr. Young may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

39.     Andrew Hinkelman
        c/o Cole Schutz P.C.
        1325 Avenue of the Americas
        New York, NY 10019

Mr. Hinkelman served as interim Chief Executive Officer and Chief Restructuring Officer for the Companies from approximately June 29, 2018 until after the Petition Date in connection with FTI Consulting's engagements with the Companies. Mr. Hinkelman may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

40.     HealthNET Systems Consulting, Inc.
        20 Burlington Mall Road, # 240
        Burlington, Massachusetts 01803

HealthNET Systems Consulting, Inc. ("HealthNET") was engaged by the Companies to evaluate and assess the iCare transaction and in connection with this engagement delivered a report to the Companies on or about December 13, 2017. HealthNET may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, implementation of and the problems associated with iCare.

**41.**     MidCap Financial Services, LLC
            c/o CT Corporation System
            1200 South Pine Island Rd.
            Plantation, Florida 33324

MidCap Financial Services, LLC was the Companies' lender under a $49 million revolving loan facility entered into by the Companies in or around March 2014 (the "MidCap Revolver"). The Companies refinanced the MidCap Revolver in or around March 2016. MidCap may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, and unlawful distributions, and allegations concerning the Companies' financial condition and misleading reports that Defendants provided to the Companies' auditors, lenders, and the Boards.

**42.**     Melissa Armstrong
            c/o James M. Kaplan, Esq.
            Kaplan Zeena LLP
            2 South Biscayne Boulevard, Suite 3050
            Miami, Florida 33131

Mrs. Armstrong is the spouse of Defendant David Armstrong, who is a former officer of PHI and Success, and herself was a former employee of the Companies. Mrs. Armstrong may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

Jim Riley, iCare
c/o Edward Ristaino, Esq.
Ackerman LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301

Mr. Riley is the founder of iCare and may have knowledge of the Companies' agreements with iCare, the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract.

  **43.**  Luis Meade
     Wells Fargo Bank, N.A.
     c/o Corporation Service Company
     1201 Hays St.
     Tallahassee, Florida 32301

  Mr. Meade is a former employee of Wells Fargo, N.A. ("Wells"), which was the Companies' lender under a $75 million revolving loan facility entered into by the Companies in or around March 2016 (the "Wells Revolver"). The Companies repaid the Wells Revolver during the pendency of the chapter 11 cases, which were filed on November 5, 2018.  Mr. Meade may possess knowledge of the factual allegations, claims, and damages set forth in Plaintiff's Second Amended Complaint, including, but not limited to, Defendants' breaches of fiduciary duty, fraudulent and preferential transfers, unlawful distributions, and breaches of contract, and allegations concerning the Companies' financial condition and misleading reports that Defendants provided to the Companies' auditors, lenders, and the boards.

**B.**   **ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS IN PLAINTIFF'S POSSESSION, CUSTODY, OR CONTROL THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS (FED. R. CIV. P. 26(a)(1)(A)(ii))**

  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiff identifies the following categories and locations of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that Plaintiff may use to support his claims in this action:

1. Copies of the Companies' financial records, including without limitation, (a) audits; (b) tax returns; and (c) audited and unaudited financial statements.

2. Meeting minutes and board meeting presentations for board of director meetings for PHG, PHI, and Success.

3. Baronoff's employment and separation agreements.

4. Founding Partners Stable Value Fund, L.P. settlement closing documents.

5. Corporate governance and organizational documents for the Companies.

6. Documents, reports, and agreements relating to the iCare transaction.

7. Documents and reports concerning the evaluation of EHR options for the Companies.

8. Documents and reports concerning the Rejuvenation Center.

9. Loan documents for the revolving loan facility with Midcap Financial, LLC, and

13

10. Loan documents for the revolving loan facility with Wells Fargo Bank, N.A., and documents exchanged between Defendants, the Companies, and/or Wells Fargo in connection with that loan facility.

11. E-mails, correspondence, and other electronic documents and communications between and among Defendants concerning the circumstances and transactions described in the Amended Complaint.

12. E-mails, correspondence, and other electronic documents and communications between Defendants and non-parties concerning the circumstances and transactions described in the Amended Complaint.

13. Agreements, records, and other documents regarding PHI's acquisition of the Ruby Facilities.

Additional relevant documents may be in the possession of non-parties, including those non-parties identified in the Amended Complaint and in Section A, above. The documents in Plaintiff's possession, custody and control of which Plaintiff is currently aware are generally located in the following locations:

1. Native e-mails and electronic documents stored on the Message Logic server;

2. Native e-mails and electric documents stored on Questio and Relativity databases, which are a subset of the documents stored on the Message Logic server identified in paragraph 1, above;

3. Hard copies of the Companies' medical records at several Iron Mountain facilities, including but not limited to (a) 202 W 38th Street, Houston, Texas, 77018; (b) 15333 Hempstead Rd, Houston, Texas 77040; (c) 5249 Glenmont Drive, Houston, Texas 77081; (d) 13700 NW 2nd St, Sunrise, Florida 33325; and (e) 3501 Electronics Way, Est Palm Beach, Florida 33407;

4. Hard drives containing several terabytes of electronically stored information collected by FTI Consulting consisting of images of hard drives of the Companies' former employees; and

5. Electronic records in native format previously stored on the Companies' Oracle and Meditech databases, which consist of the Companies' financial records such as bank accounts and payroll records, currently maintained by Province.

Plaintiff reserves the right to identify additional documents, electronically stored

information, records, data compilations, and other tangible things as discovery progresses.

C. **COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY PLAINTIFF (FED. R. CIV. P. 26(a)(1)(A)(iii))**

Plaintiff is seeking to recover not less than $145,800,000 in damages from Defendants, broken down into the following categories:

| CATEGORY | APPROXIMATE AMOUNT |
|---|---|
| Improper Intercompany Transfers | $48,900,000 |
| Growth of Total Liabilities from 2014 to 2018 | $30,500,000 |
| Unlawful Equity Distributions to PHG/PHH | $53,300,000 |
| Unlawful Insider Equity Payments | $3,400,000 |
| iCare and Rejuvenation Center Expenditures | $7,800,000 |
| Specialty Finance Fee | $1,000,000 |
| Other Fraudulent Transfers | $1,000,000 |

Plaintiff is also seeking to recover all pre- and post-judgment interest, and all costs and expenses incurred by Plaintiff in this action, including attorneys' fees.

D. **INSURANCE AGREEMENTS UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A JUDGMENT (FED. R. CIV. P. 26(a)(1)(A)(iv)**

Plaintiff identifies the following insurance policies under which an insurance business may be liable to satisfy all or part of any judgment obtained in this action:

(1) Hiscox Insurance Company Inc., Policy No. UC21407553.18 and Policy No. UVA1380887.17;

(2) Navigators Insurance Company, Policy No. CH18DOL323113IV;

(3) RSUI Indemnity Company, Policy No. NHS675401;

(4) Atlantic Specialty Insurance Company, Policy No. MMX-01087-18;

(5) Ironshore Indemnity Inc., Policy No. 001918404;

(6) XL Specialty Insurance Company, Policy No. ELU153911-18.

Plaintiff will produce copies of these policies with its initial document production.

Plaintiff expressly reserves the right to supplement and/or amend these disclosures if

necessary, as the facts and issues develop, and as discovery proceeds in this case.

Dated:  January 30, 2024

        SILLS CUMMIS & GROSS P.C.
        *Attorneys for Plaintiff*


By: */s/ David B. Newman*
       David B. Newman
       101 Park Avenue, 28th Floor
       New York, New York 10178

BERGER SINGERMAN LLP
*Attorneys for Plaintiff*


By: */s/ Paul S. Singerman*
       Paul S. Singerman
       1450 Brickell Avenue
       Suite 1900
       Miami, Florida 33131